## Case No. 11,293.

### In re PORT HURON DRY DOCK CO.

[14 N. B. R. 253.] [1]

District Court, E. D. Michigan.   May 25, 1876.

BANKRUPTCY—PROOF OF CLAIM BY DEPOSITION.

Depositions to prove claims in bankruptcy are inadmissible unless they contain the averments required by section 5077 of the Revised Statutes of the United States. They must also be made by a party authorized by the statute; and conform substantially to the forms prescribed by the statute and the general orders.

The questions arise upon the offer of a deposition of John E. Miller, cashier of the First National Bank of Port Huron, to prove a debt claimed by said bank to be due from the Port Huron Dry Dock Company. The deposition not being satisfactory to the register, he declined to file it, and the attorney for the creditor insisting upon its sufficiency, it was certified into court for determination by the district judge.

By HOVEY K. CLARKE, Register:

The claim of the bank consists, first, of an open account, claiming a balance of three hundred and thirty-nine dollars and fourteen cents. Second, three promissory notes made by George Morrison and indorsed by the bankrupt: one for four hundred and fifty-nine dollars, one for five hundred and forty-eight dollars and sixty cents, and one for two hundred and eighty-seven dollars and thirteen cents. Third, a note made by the bankrupt for the sum of three thousand one hundred dollars.

First. The question whether a consideration is shown as required by law (section 5077, Rev. St. U. S.) applies with more or less force to all of the items set up by the claimant. This objection—insufficient statement of consideration—against the item stated as on account. I regard as sufficient for its rejection. No attempt is made in the body of the deposition to state the consideration at all, except by reference to the "annexed account," and the account shows nothing ex-

cept dates and amounts. The subject-matter of the account nowhere appears. The fact that the claimant is a moneyed corporation renders it probable, indeed, that the subject of the account was money or currency—a probability no stronger, however, than that every merchant's account is for goods sold, which has never yet been relied upon to excuse them from stating, on oath, the consideration of their demands. There is also an item in this account for interest which cannot be allowed under the provisions of general order 34, concerning interest upon open accounts. By this the proof is required to "state when the account became or will become due; and if it consists of items maturing at different dates, the average due date shall be stated." The amount of interest to which a claimant is entitled is not to be determined by himself. The rate is a matter of law or agreement under the law; and the period is to be fixed, either by agreement, or by the law, which declares what may be added to overdue claims. The fact of maturity may be fixed by the oath of the claimant, if the contract be not written; and if he desires interest to be added, the general order requires him to state and swear to it. The computation of the amount is the duty of the register, answering to a computation by a clerk of a common-law court on an assessment. In this case the cashier assesses the damages of his bank by swearing that the "interest is calculated in accordance with a custom of said bank, well known to the officers of" the bankrupt corporation. The amount of interest for the period to which the bank would be entitled, supposing each sum stated in the account was due at the date there given, would be not far from thirty-five dollars. The item claimed is sixty-two dollars and seventy-six cents. which shows the wisdom of the rule by which the court commits to its own officers the computation of interest, the data being furnished by the oath of the claimant. There is another objection to the account as sworn to. The transactions are all stated as occurring from nine to eleven months after the proceedings in bankruptcy were commenced. I think it quite possible that this is a clerical error. But in its present form it is inadmissible for this cause alone.

Second. The second item of the claim of the bank, grouping the Morrison notes as one item, amounts to one thousand two hundred and ninety-four dollars and seventy-three cents. The objection to these, as proved, is that the bankrupts are parties to the notes only as indorsers, and there is no legal proof that their liability as such has ever been fixed by demand and notice. The cashier avers in his deposition "that said notes were regularly protested upon the indorser," a phrase which seems to have been introduced with something of the purpose of an averment in a pleading, but certainly it does not state a fact. The notaries' certificates

1 [Reprinted by permission.]

are not evidence, for want of conformity to the statute of the state which makes a notary's certificate evidence in the courts of the state, and therefore in this court, of the facts therein stated only when "under his hand and seal of office." One of these certificates has no seal at all, and each of the other two has a part only of a seal, revealing perhaps enough to suggest that it was the seal of some other notary borrowed for the occasion; but certainly not enough to show that it was the seal of the notary who employed it, and therefore not within the statute which makes the certificate evidence for any purpose whatever; nor within the ruling of this court in Re Nebe [Case No. 10,073].

Third. The third of the items is a note for three thousand one hundred dollars made by the bankrupt corporation, and, as stated in the proof, discounted by the claimant only four days before the note was due, and twenty days after the proceedings in bankruptcy were commenced. I am quite sure that justice to the other creditors of this bankrupt corporation, the complications of which with the business houses of Port Huron have been presented to me in many forms, requires a fuller statement of this transaction than that contained herein; not a deposition reduced to writing by or under the direction of the officer who takes it, but an affidavit, drawn up by the attorney of the claimant, and which discloses nothing but that the note "was discounted by the said bank in its regular course of business on or before July 3, 1874, for the sum of three thousand and ninety-five dollars and forty-five cents." The holders of commercial paper, acquired before maturity, and in good faith, are held by this court entitled to prove such claims against a bankrupt's estate, even though without consideration to the bankrupt. In re Lake Superior Ship Canal Railroad & Iron Co. [Case No. 7,998]. This is a construction of the bankrupt act which requires the showing of a consideration of "the demand," in favor of such paper, reached with some difficulty over the express terms of the act, in order to disturb as little as possible the usages of the law-merchant. And, therefore, when the holder of such paper is allowed to prove it against a bankrupt's estate, notwithstanding it may be entirely wanting in an original consideration, by showing a consideration paid by him in good faith, he ought not to esteem it a hardship if he is called to show something more, from which his good faith may be inferred, than a bare assertion that he has discounted it for a specified sum. For these reasons I think the proof in the form presented ought not to be filed.

I deem this a proper occasion to state, briefly, the principles which, in my judgment, should be applied to determine what proofs are admissible to establish claims in bankruptcy. Form No. 22 furnishes a precedent so far as one can be printed for general use. It must be filled up so as to be sworn to by the party in person, unless absent from the United States or prevented by good cause from testifying; it must state what the demand is; what the consideration is; whether any and what securities are held. These are required by the express terms of the statute. General order No. 34 has added these further particulars: that depositions must be correctly entitled; when made on behalf of a partnership or a corporation, the character of the deponent, as a member of the firm, or officer of the corporation, must be expressly shown on oath; when made by an agent, the reason must be stated why not made by the claimant in person; if the claim be on open account, the existence of any note or judgment for the same sum must be denied. All these I regard as directions having the force of law, which the register is not permitted to disregard in determining what proofs are admissible. The function of the register in examining proofs of debt for admission, as I understand it, is not only that of a judicial officer, who is to decide all the questions arising in the discharge of his duty, according to law, and the general orders having the force of law, but sitting also as an administrative officer, in the interest and service of all the creditors of each estate, he is to take care that defective or insufficient proofs are not allowed to pass through partiality to any creditor, or inattention, which would produce all the mischievous effects of partiality.

I am thus particular in presenting these views of a register's duty to the court for an authoritative decision thereon, because, since the change in the law, which allows notaries to take proofs of debt, the number of defective proofs offered to be filed has greatly increased, and greatly to the annoyance of attorneys through whom they are sent. I certainly do not wish to incumber the practice in bankruptcy with any unnecessary routine; but I have not been able to accept the view of my duty which has been occasionally presented, namely, that I have no "duty" of supervision concerning such proofs, and if no creditor objects, I must, or at any rate may, file every proof offered. I think I state the fact as exactly as is possible, upon a subject which is so much a matter of conjecture, when I say that of all the proofs offered to me in the course of my service as a register, not one-tenth of one per cent. of the whole number has ever encountered any objection from any creditor. Section 5076, which expressly makes proofs taken elsewhere "subject to revision by the register of the court," suggests a more positive view of a register's duties; a view which I think the interests of all creditors require to be maintained. This duty of revision is not an agreeable one. The exercise of it is treated by some officers, whose careless performance of their own duty makes corrections necessary, with petulance, and sometimes with discourtesy. I shall find no difficulty, I think,

in applying the rules of law to all proofs as offered. I shall find less in filing every proof that is offered, irrespective of its form or conformity to law, that is not met with an objection by a creditor. But I shall find infinite difficulty in devising a rule between these two. I respectfully submit, therefore, the whole subject to the determination of the district judge.

BROWN, District Judge. Approved by consent.